IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COREY SPENCER FORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:09cv1128-ID |
| | ) (WO) |
| JAMES PRESTON, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Corey Spencer Ford ("Ford), a federal inmate proceeding *pro se*, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. No. 1), in which he appears to challenge his placement in administrative detention by prison officials at the Federal Correctional Institution (FCI) Talladega, which is located in Talladega, Alabama.

**DISCUSSION**

In general, a petition for habeas corpus relief under 28 U.S.C. § 2241 must be filed in the federal district court for the district in which the petitioner's custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984). Ford is incarcerated at FCI Talladega, in Talladega, Alabama, and he challenges the actions taken by prison officials at FCI Talladega. This correctional facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. "For the convenience of parties and witnesses, [and] in the interest of justice, a district court may

transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a). Under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama for all further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 30, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of December, 2009.

                                       /s/Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE